THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | Judge: |
| | ) | |
| OFFICER CRAIG HAMMERMEISTER (Star #4831) and OFFICER ADAM WALLACE (Star #14953), individually, and the CITY OF CHICAGO, a municipal corporation, | ) ) ) ) ) | Magistrate Judge:<br><br>JURY DEMAND |
| Defendants. | | |

## COMPLAINT

**NOW COMES** the Plaintiff, Shannon Thompson, by and through his attorneys, Erickson & Oppenheimer, complaining against the Defendants, Officers Hammermeister and Wallace, individually, and the City of Chicago, a municipal corporation, as follows:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## VENUE

3. Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

## THE PARTIES

4. The Plaintiff, Shannon Thompson, resides in the Northern District of Illinois.

5. The Defendants, Officers Hammermeister and Wallace, were at all relevant times duly appointed police officers of the Defendant, City of Chicago, and at all relevant times were acting within their scope of employment and under color of law.

6. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

## FACTS

7. On or about August 2, 2017, Plaintiff was driving on 93rd St. He then turned onto Perry and proceeded to begin approaching his home located at 9242 S. Perry.

8. The Plaintiff was not committing and had not committed any crimes.

9. The Defendant Officers effected a traffic stop of Plaintiff without justification or cause.

10. The Defendants exited their vehicle and approached Plaintiff.

11. Defendant Hammermeister approached the driver's side door and asked Plaintiff for his driver's license.

12. The Plaintiff complied with the Defendant's order.

13. The Defendant then informed Plaintiff that they were going to search his vehicle and tried to open the driver's side door.

14. Plaintiff questioned what the Defendant was doing.

15. Thereafter, without just cause or provocation, Defendant Hammermeister then proceeded to strike Plaintiff in the eye.

16. Plaintiff sustained physical injuries as a result of Defendant Hammermeister's use of force.

17. Defendant Wallace was nearby, observed this use of force, and failed to intervene to prevent Hammermeister's misconduct despite having a reasonable opportunity to do so.

18. The Defendants handcuffed Plaintiff and took him out of his car.

19. The Defendants placed Plaintiff in the back of their police vehicle.

20. While Defendant Hammermeister stayed with Plaintiff, Defendant Wallace searched the Plaintiff's vehicle without a warrant, exigent circumstances, consent, or any other legal justification or cause.

21. Defendant Hammermeister was nearby and present during the search of Plaintiff's vehicle without legal justification and failed to intervene to prevent his co-defendant's misconduct despite having a reasonable opportunity to do so.

22. After finding no contraband, the Defendants uncuffed Plaintiff and let him go without any charges.

23. The Plaintiff called 911 and reported the Defendants' misconduct.

**COUNT I—EXCESSIVE FORCE/FAILURE TO INTERVENE (Section 1983)**

24. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

25. The actions of the Defendant Officers as set forth hereto constitute excessive force and failure to intervene against Plaintiff, thus violating his rights under the United States Constitution and 42 U.S.C. Section 1983.

26. Said actions of the Defendant Officers were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

27. Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

28. As a direct and proximate consequence of the Defendant Officers' conduct, the Plaintiff suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants Hammermeister

and Wallace, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorney's fees and costs.

## COUNT II– BATTERY (state law claim)

29. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

30. The conduct of Defendant Hammermeister resulted in offensive physical contact with the Plaintiff made without his consent, thus constituting battery under Illinois law.

31. The Defendant Officer's actions proximately caused the Plaintiff to suffer injuries, including without limitation bodily harm as well as pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Hammermeister for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT III—FALSE ARREST/UNLAWFUL SEIZURE (Section 1983)

32. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

33. As described above, the Defendant Officers unlawfully detained Plaintiff without probable cause, thus violating Plaintiff's rights under the United States Constitution.

34. The initial stop and seizure of the Plaintiff was without reasonable suspicion, lawful justification, and probable cause, thus violating Plaintiff's rights under the United States Constitution.

35. Said actions of the Defendant Officers were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

36. Said actions of the Defendant Officers were objectively unreasonable under the circumstances.

37. As a direct and proximate cause of the conduct of the Defendant Officers, Plaintiff suffered damages, including without limitation violations of his constitutional rights, loss of liberty, emotional anxiety, fear, monetary expense, and pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants Hammermeister and Wallace, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorney's fees and costs.

### COUNT IV— UNLAWFUL SEARCH/FAILURE TO INTERVENE (Section 1983)

38. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

39. The actions of the Defendant Officers constituted a warrantless, unreasonable, and unjustifiable search of Plaintiff's vehicle without probable cause or reasonable suspicion and a failure to intervene in said search, thus violating Plaintiff's rights under the United States Constitution and 42 U.S.C. § 1983.

40. As a direct and proximate cause of the conduct of the Defendant Officers, Plaintiff suffered damages, including without limitation violations of his constitutional rights, anxiety, monetary expense, and pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants Hammermeister and Wallace, jointly and severally, for an award of reasonable compensatory and punitive damages, plus attorney's fees and costs.

### COUNT V--INDEMNIFICATION

41. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

42. At all relevant times, Defendant City of Chicago was the employer of the Defendant Officers.

43. The Defendant Officers committed the acts alleged above under the color of law and in the scope of their employment as employees of the City of Chicago.

44. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

45. As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of their employment, Plaintiff was injured.

**WHEREFORE**, should any of the individual Defendants be found liable on any of the federal claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said defendant(s), plus attorney's fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## COUNT VI—*RESPONDEAT SUPERIOR*

46. Each of the paragraphs above is incorporated by reference as though fully stated herein.

47. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were agents of the City of Chicago and were acting at all relevant times within the scope of their employment and under color of law.

32. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, should any of the individual Defendants be found liable on the state claim set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said defendant(s), as well as costs awarded.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

Respectfully submitted,

/s/ Ronak Maisuria

Erickson & Oppenheimer, Ltd.
223 W. Jackson, Suite 200
Chicago, IL 60606
312-327-3370
Email: ronak@eolawus.com